## Laurel Homeowners Association v. Cellucci

C.P. of Berks County, No. 14-5301

*Cheryl Jane Allerton*, for plaintiff/appellee.
*Stephen Gary Welz*, for defendants/appellants.

SPRECHER, *J.*, Jan. 14, 2015—

## FACTS

Defendants, John R. Cellucci and his wife, Edna H. Cellucci, are the owners of six residential dwelling units known as Building 26 in the Laurel Springs development. In previous litigation involving the same parties, property, and issues, plaintiff, Laurel Homeowners Association, commenced legal action in December 2003 to assess defendants' property as condominiums for purposes of imposing plaintiff's condominium fees. The parties executed a written settlement agreement and release (agreement) on March 16, 2005 which resolved the matter. Paragraph 1 of the agreement reads as follows: "plaintiff

agrees to withdraw with prejudice all claims of any right to collect condominium assessments from the defendants for real estate that they own in Building 26 of the Laurel Springs development *unless and until such real estate is converted to condominium units in accordance with applicable Pennsylvania law.*" (emphasis added).

On April 14, 2014, plaintiff filed twelve separate notices of fee claims for monthly condominium assessments owed in two separate periods from September 1, 2007 through December 31, 2014, plus filing fees and costs. Defendants filed petitions to strike the assessment fee claims, enforce the agreement, and impose counsel fees and costs in the twelve separate actions. On July 14, 2014, this court consolidated the cases into the above captioned action for filing purposes and determination.

When the agreement was executed, defendants owned the same three townhouse units in Building 26 of the Laurel Springs development, and each townhouse had two residential units with each townhouse unit on a single deed. Two years later, on July 17, 2007, defendants recorded six Declaration of Air Space Rights and Easements. Defendants' stated purpose of the filing of these documents was that "The declarants (defendants) intend to sell the Stacked Townhouses and therefore desires (sic) to set forth herein the respective rights and duties of owners of Stacked Townhouses with respect to one another." Plaintiff contends that these documents were prepared for the purpose of attempting to evade six condominium assessments. Plaintiff submits that by dividing the three townhouses and recording the six deeds, defendants are bound to pay condominium assessments for the six units. Laurel Springs defines townhouses as single-family dwelling houses and condominiums as a single structure that houses multiple residences.

## DISCUSSION

68 Pa. C.S.A. § 3103 defines "condominium" as "real estate, portions of which are designated for separate ownership and the reminder of which is designated for common ownership solely by the owners of those premises. Real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners." The comment in paragraph 2 to 68 Pa. C.S.A. § 3102 states that the creation of a condominium pursuant to the Act occurs upon the recordation of a declaration. Although, this real estate has never been included in any Declaration of Condominium and has never been offered for inclusion in a condominium, the definition of "condominium" contemplates that *de facto* condominiums may exist, if the nature of the ownership interest fits the definition.

In the case *sub judice*, the subject units are real estate in which portions are designated for separate ownership and the remainder is designated as common ownership. Thus, these units fit the definition for condominium. Furthermore, a Declaration of Air Space Rights is typically granted for a condominium. In the facts before us the Declarations conveyed to the occupants an immediate interest in the use of the common area.

This court finds that defendants have created *de facto* condominiums in preparation to selling the units. Even though the real estate was not in any Declaration of Condominium and has never been offered for inclusion in a condominium, in actuality, a condominium is what was created when defendants recorded six Declarations of Air Space Rights and Easements.

The owner of a townhouse usually owns the land beneath and the roof above, and a condominium owner

does not. Each occupant in the instant case does not own the land beneath the unit. The tenants in the case *sub judice* own the air but not the land. Defendants' labelling these units "stacked townhouses" is an attempt to circumvent the agreement and avoid the payment of six separate condominium fees.

In accordance with the foregoing opinion, this court enters the following order.

## ORDER

And now, this 14th day of January, 2015, upon consideration of the pleadings and argument of counsel, it is hereby ordered that defendants' petitions to strike assessment fee claim, enforce settlement agreement and impose counsel fees and costs are denied.